UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Francis Wiley,                                                  Civil No. 05-998 (PAM/RLE)

                          Plaintiff,

v.                                                                                         **MEMORANDUM AND ORDER**

Dan Salomone, Commissioner,
and Richard A. Wallin, Revenue
Officer,
                          Defendants.

This matter is before the Court on Defendant Richard Wallin's Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Robert Wiley alleges that the Minnesota Department of Revenue and the Internal Revenue Service filed invalid tax liens against him, and that those liens have created a cloud on the title to his real property located in Plymouth, Minnesota. He also submits that these actions have violated his constitutional rights. Wiley asks that the Court render the liens invalid and enjoin the Minnesota Department of Revenue and Internal Revenue Service from recording any additional, invalid liens against him.

Defendant Dan Salomone is the Commissioner of the Minnesota Department of Revenue. Defendant Richard Wallin is an officer of the United States Internal Revenue Service. Wallin now brings a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Wiley has not responded to the Motion.

## DISCUSSION

### A. Standard of Review

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a defendant challenges the complaint on its face, the Court reviews the pleadings and affords the plaintiff the same protections that it would receive on a Rule 12(b)(6) motion to dismiss. See Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The Court takes the factual allegations as true and will only dismiss the complaint if the plaintiff fails to allege an essential element for subject matter jurisdiction. See Titus, 4 F.3d at 593.

For the purposes of motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B. Action for Damages Against Wallin in his Individual Capacity

To the extent that Wiley sues Wallin in his individual capacity, that claim must be dismissed for failure to state a claim upon which relief may be granted. A plaintiff may bring an action for damages for alleged constitutional violations against a federal employee in his

2

individual capacity.  See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  However, the plaintiff may not bring such a claim when the design of a federal program "suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988).  The Internal Revenue Code provides the sole remedy for allegations of misconduct by Internal Revenue Service employees relating to the assessment and collection of taxes.  See Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448, 1454 (8th Cir. 1994).  Because 26 U.S.C. § 7432 provides an adequate remedy for an Internal Revenue Service agent's failure to release a lien on a taxpayer's property, Wiley cannot seek relief against Wallin in his individual capacity.

**C.     Action for Damages Against Wallin in his Official Capacity**

Wiley's claim for damages against Wallin in his official capacity likewise fails.  An action against the Internal Revenue Service or an Internal Revenue Service employee in his official capacity is a suit against the United States.  Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000).  Thus, to the extent that Wiley seeks damages against Wallin in his official capacity, the action is really one against the United States.

The doctrine of sovereign immunity provides that the United States is immune from suit unless it unequivocally consents to be sued.  United States v. Dalm, 494 U.S. 596, 608 (1990) (citation omitted).  The waiver of sovereign immunity must be clear and unmistakable.  United States v. Mitchell, 445 U.S. 535, 538 (1980) (citation omitted).  Moreover, courts must narrowly construe the waiver.  In the absence of express congressional consent, the Court lacks

jurisdiction to entertain a suit against the United States. United States v. Sherwood, 312 U.S. 584, 587-88 (1941).

The Internal Revenue Code permits a taxpayer to bring a civil action seeking damages against the United States for an Internal Revenue Service employee's failure to release a lien on his property. See 26 U.S.C. § 7432. However, the taxpayer must first exhaust his administrative remedies by filing an administrative claim with the Internal Revenue Service. Id. Because Wiley fails to allege that he exhausted his administrative remedies, the Court lacks subject matter jurisdiction over his claim and dismisses the claim under Rule 12(b)(1).

**D.    Action for Injunctive Relief**

Wiley also seeks injunctive relief against Wallin. Generally, courts cannot entertain suits seeking injunctions prohibiting the assessment or collection of a tax. 26 U.S.C. § 7421(a); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962). A court may do so only if the plaintiff shows that: (1) the collection of taxes would cause irreparable injury and there is no adequate remedy at law, and (2) the government has no probability of ultimately prevailing in the case. Enochs, 370 U.S. at 6-8; Ponchik v. Comm'r of Internal Revenue, 854 F.2d 1127, 1130 (8th Cir. 1988) (citation omitted). "Unless both of these prerequisites are satisfied, a suit for preventative injunctive relief must be dismissed." Ponchik, 854 F.2d at 1130 (internal quotations and citations omitted).

In this case, Wiley has not met either element. He does not allege that there is no adequate remedy at law. Indeed, an adequate remedy exists. He may exhaust his administrative remedies and thereafter bring a claim for damages under § 7432 against the United States.

Moreover, Wiley has not alleged any facts that demonstrate that the United States will not prevail in this case. Accordingly, the Court cannot exercise subject matter jurisdiction over his request for injunctive relief.

**CONCLUSION**

Plaintiff Robert Wiley may bring a claim against the United States under 26 U.S.C. § 7432. However, he must first exhaust his administrative remedies. Because an adequate remedy exists under § 7432, Wiley cannot sue Defendant Richard Wallin either in his individual capacity for damages or for injunctive relief. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Robert Wiley's claims against Defendant Richard Wallin in his individual capacity are **DISMISSED with prejudice**;

2. Plaintiff's claims for damages against Defendant Richard Wallin in his official capacity are **DISMISSED without prejudice**; and

3. Plaintiff's claims seeking injunctive relief against Defendant Richard Wallin are **DISMISSED with prejudice**.

Dated: August 2, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
