UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Francis Wiley,                                    Civil No. 05-998 (PAM/RLE)

                              Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Dan Salomone, Commissioner,
and Richard A. Wallin, Revenue
Officer,
                              Defendants.

───────────────────────────────────────────────

This matter is before the Court on Defendant Dan Salomone's Motion to Dismiss.  For

the reasons that follow, Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Robert Wiley alleges that the Minnesota Department of Revenue and the

Internal Revenue Service filed invalid tax liens against him, and that those liens have created

a cloud on the title to his real property located in Plymouth, Minnesota.  He submits that these

actions have violated his constitutional rights.  Wiley also contends that he has made good faith

efforts to settle his dispute with the Minnesota Department of Revenue, but has not received

a response.  He asks that the Court render the liens invalid and enjoin the Minnesota

Department of Revenue and Internal Revenue Service from recording any additional, invalid

liens against him.

Defendant Dan Salomone is the Commissioner of the Minnesota Department of

Revenue.  Defendant Richard Wallin is an officer of the United States Internal Revenue

Service.  Salomone now brings a Motion to Dismiss under Federal Rule of Civil Procedure

12(b)(6).   Wiley recently submitted a response, entitled "Plaintiff's motion to dismiss for lack of personal and subject matter jurisdiction."  (Clerk Doc. No.  15.)

**DISCUSSION**

**A.      Standard of Review**

For the purposes of motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true.   See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).   The Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff.   See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).   A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**B.      Invalidity of Tax Lien**

Wiley challenges the validity of the tax lien by seemingly arguing that a taxing authority must obtain a civil judgment against the taxpayer as a constitutional prerequisite to the creation of a state or federal tax lien.   The United States Supreme Court rejected such an argument in Phillips v. Comm'r of Internal Revenue, 283 U.S. 589 (1931) when it stated:

> The right . . . to collect . . . internal revenue by summary administrative proceedings has long been settled.   Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained.   Property rights must yield provisionally to governmental need. . . . Where only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate.

Id. at 594-97 (internal citations omitted).   Accordingly, Wiley's constitutional challenge to the imposition of the tax liens fails as a matter of law.

## C.   Attempted Satisfaction of Taxes Owed

Wiley also argues that Salomone and the Minnesota Department of Revenue are precluded from asserting any claims against him relating to the state tax lien.   In particular, Wiley alleges that he mailed Salomone an offer to pay the unpaid taxes, plus penalties and interest in March 2005, but that Salomone did not respond to the offer.   Wiley contends that the lack of response is an admission that the claims against Wiley are invalid.

A government agency's failure to respond is an insufficient basis to apply equitable estoppel.   See Bond v. Comm'r of Revenue, 691 N.W.2d 831, 838 (Minn. 2005).   Rather, Wiley must allege that affirmative representations made by Salomone or the Minnesota Department of Revenue induced his detrimental reliance.   Because estoppel cannot apply under the facts alleged in this case, the Court finds that Wiley has failed to state a claim upon which relief may be granted.

## D.   Wiley's Response

Wiley seeks dismissal and remand to Hennepin County district court, arguing that the Court lacks original, personal and subject matter jurisdiction over this matter.   Wiley's arguments are without merit.   Accordingly, because dismissal is appropriate as asserted by Defendant, Plaintiff's Motion is moot.

## CONCLUSION

Plaintiff Robert Wiley has failed to state a viable claim against Defendant Dan Salomone.  Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendant Dan Salomone's Motion to Dismiss (Clerk Doc. No. 8) is **GRANTED**;

2.     Plaintiff Robert Wiley's claims against Defendant Dan Salomone are **DISMISSED with prejudice**; and

3.     Plaintiff's Motion to Dismiss (Clerk Doc. No. 15) is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 30, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

4